1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
3  MIRANDA KANE (CABN 150630)
   Chief, Criminal Division
4
   JENNIFER GASPAR (CABN 266726)
5  Special Assistant United States Attorney
        1301 Clay Street, Suite 340S
6       Oakland, CA 94612
        Telephone: (510) 637-3680
7       Fax: (510) 637-3724
        E-Mail: jennifer.gaspar@usdoj.gov

8  Attorneys for Plaintiff

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

                          OAKLAND DIVISION


UNITED STATES OF AMERICA,        )  No. CR11-00328 PJH (LB)
                                 )
       Plaintiff,                )
                                 )  [PROPOSED] ORDER DETAINING
       v.                        )  DEFENDANT PENDING TRIAL
                                 )
DERRICK DAMON KENT,              )
                                 )
       Defendant.                )
_____)


                         I. DETENTION ORDER

       Defendant Derrick Damon Kent is charged in a one-count indictment with being a Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g).  On June 23, 2011, the United States moved for the defendant's detention pursuant to 18 U.S.C. § 3142(f)(2)(A), and subsequently asked for a detention hearing pursuant to 18 U.S.C. § 3142(f). Following a hearing on June 28, 2011, under 18 U.S.C. § 3142(f), and considering the parties' proffer and the factors set forth in section 3142(g), the Court finds that no condition or combination of conditions in section 3142(c) will reasonably assure the defendant's appearance in this case.  *See* 18 U.S.C. §§ 3142(e) and (f); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

[PROPOSED] ORDER DETAINING DEFENDANT
Case No. CR 11-00328 PJH (LB)

Specifically, the Court notes the defendant's criminal history, as documented in the Pretrial Services report, and the fact that the defendant is subject to a parole hold in the state of California. The Court, therefore, orders that the defendant be detained pending trial.

The defendant did not request a full bail study at this time, such as an interview by Pretrial Services, but reserved his right to present information at a future bail hearing should his circumstances change. *See* 18 U.S.C. § 3142(f) (a defendant has the right at a section 3142(f) hearing to, with the assistance of counsel, testify, present witnesses, cross-examine adverse witnesses, and present information by proffer or otherwise).

### III. CONCLUSION

The Court detains the defendant as a serious flight risk and because no condition, or combination of conditions, could assure the defendant's appearance in this case, and orders that time be excluded under the Speedy Trial Act as set forth above. Because the defendant waived his right to present information under 18 U.S.C. § 3142(f) without prejudice to his raising any relevant information at a later hearing, the Court orders that the hearing may be reopened at the defendant's request at a future time.

The Court orders that the defendant be committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. *See* 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id.* § 3142(i)(3). On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *See id.* § 3142(i)(4).

IT IS SO ORDERED.

DATED: June 29, 2011

LAUREL BEELER
United States Magistrate Judge